IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEWIS ELMER KENDRICK, III                                              PLAINTIFF

v.                              Civil No.: 6:18-CV-06026

DR. CHARLES L. LIGGETT and
CORRECTIONAL OFFICER FINN                                           DEFENDANTS

## **ORDER**

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff Lewis Elmer Kendrick, III proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

Plaintiff filed his Complaint on March 8, 2018. (ECF No. 1). On that same day, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* was granted. (ECF No. 3).

On May 18, 2018, Separate Defendant Dr. Charles Liggett filed a Motion for Partial Summary Judgment. (ECF No. 17). On May 21, 2018, Plaintiff was directed by the Court to respond to Separate Defendant Liggett's motion by June 11, 2018. Plaintiff was further advised that "the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 20).

On May 23, 2018, Separate Defendant Jason D. Finn filed a Motion for Summary Judgment on Exhaustion. (ECF No. 21). On May 29, 2018, Plaintiff was directed by the Court to respond to Separate Defendant Finn's motion by June 19, 2018. Plaintiff was further advised that "the

failure to timely and properly comply with this Order will result in: (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 24).

Plaintiff has not responded to the aforementioned motions for summary judgment. Thus, Plaintiff has failed to comply with the Orders of this Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a Court Order directing him to respond to Defendants' motions for summary judgment. In addition, Plaintiff has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and

for failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of July 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge